# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1295V
Filed: March 18, 2020

* * * * * * * * * * * * *
KELLY GREEN, *parent of D.W.G.,*   *
*a minor*,   *
          *   Dismissal; Rotavirus Vaccine;
      Petitioner,   *   Intussusception; Severity
          *   Requirement
v.   *
          *
SECRETARY OF HEALTH   *
AND HUMAN SERVICES,   *
          *
      Respondent.   *
* * * * * * * * * * * * *

*Cort Arlint, Esq.,* Arlint Law, LLC, Henderson, NV, for petitioner.
*Traci Patton, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

      On August 27, 2019, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program")[2] on behalf of his minor child, D.W.G., alleging that the rotavirus vaccine caused D.W.G. to develop intussusception. *See* Petition ¶10, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program. On March 18, 2020, petitioner filed a Motion for Dismissal Decision requesting that

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

his case be dismissed. ECF No. 14.

To receive compensation under the Program, the injured person must meet what has been deemed the "severity requirement." *See* 42 U.S.C. §300aa-11(c)(1)(B)-(D). A petitioner can show that the injured person suffered the residual effects of the alleged injury for more than six months after the administration of the vaccine; the injured person died from the administration of the vaccine; or the injured person suffered from an alleged injury which resulted in inpatient hospitalization and surgical intervention. *Id*.

D.W.G.'s medical records indicate that he did not suffer residual effects of intussusception for more than six months after his rotavirus vaccination, and the Court has repeatedly held that intussusception treated with a barium enema does not qualify as surgical intervention. *See, e.g., Spooner v. Sec'y of Health & Human Servs*., No. 13-159V, 2014 WL 504728 (Fed. Cl. Spec. Mstr. Jan. 16, 2014); *Carda on behalf of G.J.C. v. Sec'y of Health & Human Servs*., No. 14-191V, 2017 WL 6887368, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2017). Petitioner's claim does not meet the severity requirement of residual effects of an alleged injury or illness for more than six months following administration of a vaccine or inpatient hospitalization and surgical intervention and is therefore ineligible to receive compensation in the Vaccine Program.

**Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master
